1  Matthew Bernstein (SBN: 199240)
   mbernstein@mintz.com
2  Susie S. Yoo (SBN: 243630)
   syoo@mintz.com
3  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   3580 Carmel Mountain Road, Suite 300
4  San Diego, CA 92130
   Telephone:  (858) 314-1500
5  Facsimile:  (858) 314-1501

6  Robert  I. Bodian
   rbodian@mintz.com
7  MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
   666 Third Avenue, 25th Floor
8  New York, NY 10017
   Telephone:  (212) 692-6726
9  Facsimile:    (212) 983-3115

10  *Pro Hac Vice* To Be Filed

11  Attorneys for Defendant and Counterclaimant
    ALPHATEC SPINE, INC.

12

13            **UNITED STATES DISTRICT COURT**

14           **CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16  CROSS MEDICAL PRODUCTS, LLC, | **Case No.: SACV10-00176 CJC (MLGx)** |
| 17          Plaintiff, | **ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| 18       vs. | |
| 19  ALPHATEC SPINE, INC. | |
| 20          Defendant. | |
| 21  ALPHATEC SPINE, INC., | |
| 22          Counterclaimant, | |
| 23       vs. | |
| 24  CROSS MEDICAL PRODUCTS, LLC | |
| 25          Counter-Defendant. | |
| 26 | |

27

28

Defendant-Counterclaimant Alphatec Spine, Inc. ("Alphatec") hereby answers Cross Medical Products, LLC's ("Cross") Complaint ("Complaint") and counterclaims as follows:

### JURISDICTION AND VENUE

1. Admit.

2. Admit.

3. Alphatec admits venue is proper in this district but denies the remaining allegations of paragraph 3 of the Complaint.

4. Admit.

### INTRODUCTION

5. Alphatec admits it entered into a patent license concerning U.S. Patent Nos. 5,466,237 and its foreign counterparts (collectively the "'237 patent") and 5,474,555 and its foreign counterparts (collectively the "'555 patent") (hereinafter the "'237/'555 Patent License") in 2003, but Alphatec denies the remaining allegations in paragraph 5 of the Complaint.

6. Denied.

7. Denied.

8. Alphatec denies it owes the Plaintiff any royalties and further denies Plaintiff is entitled to a declaration that Plaintiff did not and is not committing patent misuse.

### PARTIES

9. Alphatec lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and, therefore, denies them.

10. Alphatec lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and, therefore, denies them.

11. Admit.

-2-

1    12.   Admit.

2    13.   Admit.

3                          **BACKGROUND**

4    14.   Alphatec admits that on its face U.S. Patent No. 5,466,237 (the '237

5  patent") has an issue date of November 14, 1995.  Alphatec lacks information or

6  knowledge sufficient to form a belief as to the truth of the remaining allegations

7  contained in paragraph 14 of the Complaint, and, therefore, denies them.

8    15.   Alphatec admits that on its face U.S. Patent No. 5,474,555 (the "'555

9  patent") has an issue date of December 12, 1995.  Alphatec lacks information or

10  knowledge sufficient to form a belief as to the truth of the remaining allegations

11  contained in paragraph 15 of the Complaint, and, therefore, denies them.

12    16.   Alphatec admits that on or about April 24, 2003, Plaintiff and Alphatec

13  entered into the '237/'555 Patent License.  Alphatec otherwise denies the allegations

14  contained in paragraph 16 of the Complaint.

15    17.   Denied.

16    18.   Admit.

17    19.   Denied.

18    20.   Denied.

19    21.   Denied.

20    22.   Denied.

21    23.   Denied.

22    24.   Denied.

23    25.   Denied.

24    26.   The terms of the '237/'555 Patent License speak for themselves.

25  Otherwise denied.

26    27.   The terms of the '237/'555 Patent License speak for themselves.

27  Otherwise denied.

28

-3-

28.     The terms of the '237/'555 Patent License speak for themselves. Otherwise denied.

29.     The terms of the '237/'555 Patent License speak for themselves. Otherwise denied.

30.     Alphatec admits it has paid all royalties it is required to pay under the '237/'555 Patent License.  Otherwise denied.

31.     Alphatec admits that on or about August 4, 2009, Ebun Garner, Alphatec's General Counsel, sent an email to Rob Gabriele.  Alphatec denies the remaining allegations contained in paragraph 31 of the Complaint.

32.     Alphatec lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and, therefore, denies them.

33.     Alphatec admits that on or about August 5, 2009, Mr. Garner spoke with Mr. Caploon over the telephone, and the Mr. Garner and Mr. Caploon discussed, without any dispute from Mr. Caploon, that the '237/'555 Patent License only required Alphatec to pay royalties on products that embody or otherwise practice at least one valid claim of the either the '237 or '555 patent.  Alphatec denies the remaining allegations contained in paragraph 33.

34.     Denied.

35.     Admitted that the '237/'555 Patent License only required Alphatec to pay royalties on products that embody or otherwise practice at least one valid and enforceable claim of the either the '237 or '555 patent.  Otherwise denied.

36.     Alphatec states that the document referenced in paragraph 36 speaks for itself and otherwise denies the allegations contained in paragraph 36 of the Complaint.

37.     Alphatec states that the document referenced in paragraph 37 speaks for itself and otherwise denies the allegations contained in paragraph 37 of the Complaint.

38.     Alphatec states that the document referenced in paragraph 38 speaks for itself and otherwise denies the allegations contained in paragraph 38 of the Complaint.

-4-

39.   Alphatec states that the document referenced in paragraph 39 speaks for itself and otherwise denies the remaining allegations contained in paragraph 39 of the Complaint.

40.   Alphatec states that the document referenced in paragraph 40 speaks for itself and otherwise denies the allegations contained in paragraph 40 of the Complaint.

41.   Denied.

42.   Alphatec states that the document referenced in paragraph 42 speaks for itself and otherwise denies the allegations contained in paragraph 42 of the Complaint.

43.   Alphatec states that the document referenced in paragraph 43 speaks for itself and also admits that Judge Taylor in this Court held claims of the '237 patent invalid.  Alphatec otherwise denies the allegations contained in paragraph 43 of the Complaint.

44.   Alphatec lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and, therefore, denies them.

45.   Alphatec states that the documents referenced in paragraph 45 speak for themselves, and also admits that Judge Taylor in this Court held claims of the '237 patent invalid.  Alphatec and otherwise denies the allegations contained in paragraph 45 of the Complaint.

46.   Alphatec states that the document referenced in paragraph 46 speaks for itself and otherwise denies the allegations contained in paragraph 46 of the Complaint.

47.   Alphatec lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, and, therefore, denies them.

48.   Alphatec states that the documents referenced in paragraph 48 speak for themselves and otherwise denies the allegations contained in paragraph 48 of the Complaint.

49.   Denied.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS                                              SACV10-00176 CJC (MLGx)

50.   Alphatec states that the document referenced in paragraph 50 speaks for itself and otherwise denies the allegations contained in paragraph 50 of the Complaint.

51.   Denied.

52.   Denied.

53.   Alphatec states that the documents referenced in paragraph 53 speak for themselves and otherwise denies the allegations contained in paragraph 53 of the Complaint.

54.   Alphatec states that the document referenced in paragraph 54 speaks for itself and otherwise denies the allegations contained in paragraph 54 of the Complaint.

55.   Denied.

## FIRST CLAIM FOR RELIEF

56.   Alphatec realleges its answers to paragraph 1 through 55 of the Complaint in response to paragraph 56 of the Complaint.

57.   Denied.

58.   Denied.

59.   Denied.

60.   Alphatec lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, and, therefore, denies them.

61.   Admit.

62.   Denied.

## SECOND CLAIM FOR RELIEF

63.   Alphatec realleges its answers to paragraph 1 through 62 of the Complaint in response to paragraph 63 of the Complaint.

64.   Admit.

65.   Denied.

66.   Denied.

67.   Denied.

-6-

68.   Denied.

69.   Alphatec states that the document referenced in paragraph 69 speaks for itself and otherwise denies the allegations contained in paragraph 69 of the Complaint.

## THIRD CLAIM FOR RELIEF

70.   Alphatec realleges its answers to paragraph 1 through 69 of the Complaint in response to paragraph 70 of the Complaint.

71.   Admit.

72.   Denied.

73.   Denied.

## FOURTH CLAIM FOR RELIEF

74.   Alphatec realleges its answers to paragraph 1 through 73 of the Complaint response to paragraph 74 of the Complaint.

75.   Denied.

76.   Denied.

77.   Alphatec states that the document referenced in paragraph 77 of the Complaint speaks for itself and otherwise denies the allegations contained in paragraph 77.

78.   Denied.

79.   Alphatec denies Plaintiff is entitled to any of its requested relief.

80.   Any allegations contained in the Complaint or prayer not hereby specifically responded to are hereby denied.

## ALPHATEC'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

## FAILURE TO STATE A CLAIM

81.   The complaint, and each and every claim for relief therein, fail to state facts sufficient to constitute a cause of action against Alphatec.

ANSWER TO COMPLAINT AND
COUNTERCLAIMS                                    SACV10-00176 CJC (MLGx)

## SECOND AFFIRMATIVE DEFENSE
## FAILURE OF CONSIDERATION

82.     Failure of consideration precludes Plaintiff's claim that Alphatec is in breach or that Plaintiff it is entitled to payment for any Alphatec products that do not embody or practice a valid and enforceable claim of the '237 or '555 patent.

## THIRD AFFIRMATIVE DEFENSE
## UNJUST ENRICHMENT

83.     Unjust enrichment precludes Plaintiff's claim that Alphatec is in breach or that Plaintiff it is entitled to payment for any Alphatec products that do not embody or practice a valid and enforceable claim of the '237 or '555 patent.

## FOURTH AFFIRMATIVE DEFENSE
## VOID AS AGAINST PUBLIC POLICY

84.     Plaintiff should not be able to recover on its claims, and the license agreement should be voided, because the license agreement is against public policy.

## FIFTH AFFIRMATIVE DEFENSE
## CONTRACT CONTRARY TO LAW

85.     Plaintiff should not be able to recover on its claims, and the license agreement should be voided, because the license agreement is contrary to law, including but not limited to U.S. patent laws.

## SIXTH AFFIRMATIVE DEFENSE
## UNCONSCIONABILITY

86.     The license agreement between the parties is unconscionable, and therefore unenforceable to the extent Plaintiff claims Alphatec is in breach or that Plaintiff it is entitled to payment for any Alphatec products that do not embody or practice a valid and enforceable claim of the '237 or '555 patents.

-8-

**SEVENTH AFFIRMATIVE DEFENSE**

**ESTOPPEL**

87.    The complaint, and each and every claim for relief therein, are barred in whole or in part by the doctrine of estoppel.

**EIGHT AFFIRMATIVE DEFENSE**

**WAIVER**

88.    The complaint, and each and every claim for relief therein, are barred in whole or in part by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

**LACHES**

89.    The complaint, and each and every claim for relief therein, are barred in whole or in part by the doctrine of laches.

**TENTH AFFIRMATIVE DEFENSE**

**UNCLEAN HANDS**

90.    The complaint, and each and every claim for relief therein, are barred in whole or in part because Plaintiff has not behaved equitably, comes to this Court with unclean hands, and should therefore be denied all relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

**PATENT NONINFRINGEMENT AND PATENT INVALIDITY**

91.    The complaint, and each and every claim for relief therein, are precluded because the '237 and '555 patent claims are not infringed by Alphatec, and the claims are invalid pursuant to at least 35 U.S.C. §§ 102 and 103.

**TWELFTH AFFIRMATIVE DEFENSE**

**ADDITIONAL DEFENSES**

92.    Alphatec reserves its right to amend this Answer should additional facts become available during discovery or the course of this case.

-9-

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant Alphatec Spine, Inc. ("Alphatec") for its Counterclaims against Plaintiff Cross Medical Products, LLC ("Cross"), alleges as follows:

### PARTIES

1.     Alphatec is a California corporation with a principal place of business at 5818 El Camino Real, Carlsbad, California 92008.

2.     Upon information and belief, Cross is a Delaware limited liability company with its principal place of business at 181 Technology Drive, Irvine, CA 92618.  Further upon information and belief, Cross is the successor to Cross Medical Products, Inc.

3.     Upon information and belief Biomet is an Indiana corporation, with a principal place of business at Airport Industrial Park, 56 East Bell Drive, Warsaw, Indiana 46582.  Further upon information and belief, Biomet controls Cross.

### JURISDICTION AND VENUE

4.     This action arises under the declaratory judgment statute of the United States, 28 U.S.C. §§ 2201 *et seq.*, and the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a), 2201, and 2202.  This Court also has jurisdiction over the state law claims because those claims are so related to Alphatec's federal law claim that they form part of the same case or controversy.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 and because the parties agreed to venue in this district.

### BACKGROUND

7.     On or about April 24, 2003, Alphatec and Cross entered into a patent license agreement regarding U.S. Patent Nos. 5,466,237 and its foreign counterparts (collectively the "'237 patent") and 5,474,555 and its foreign counterparts

-10-

(collectively the "'555 patent"). Hereinafter this agreement shall be referred to as the "'237/'555 Patent License."

8.    Cross had never threatened to sue or actually sued Alphatec on either the '237 or '555 patent prior to the execution of the '237/'555 Patent License.

9.    Cross drafted the '237/'555 Patent License.

10.    On its face, the '237/'555 Patent License is limited to a license to the '237 and '555 patents. The '237/'555 Patent License only requires Alphatec to pay royalties on its products that embodied or otherwise practiced at least one valid and enforceable claim of either the '237 or '555 patent.

11.    At all times prior to and after the execution of the '237/'555 Patent License, Alphatec has understood the '237/'555 Patent License to require it to only make royalty payments for products that embodied or otherwise practiced at least one valid and enforceable claim of the either the '237 or '555 patent.

12.    Upon information and belief, at all times prior to the execution of the '237/'555 Patent License, Cross understood the '237/'555 Patent License to require Alphatec to only make royalty payments for products that embodied or otherwise practiced at least one valid and enforceable claim of the either the '237 or '555 patent.

13.    Upon information and belief, after the execution of the '237/'555 Patent License and up through August of 2009, Cross and also Biomet continued to believe the '237/'555 Patent License required Alphatec to only make royalty payments for products that embodied or otherwise practiced at least one valid and enforceable claim of the either the '237 or '555 patent.

14.    On or about September 9, 2009, Biomet and Cross for the first time took the position that the '237/'555 Patent License required Alphatec to pay royalties on products regardless of whether or not the products embodied or otherwise practiced at least one valid and enforceable claim of the either the '237 or '555 patent.

15.    Prior to September 9, 2009, neither Biomet, Cross, nor anyone else had ever informed Alphatec that the '237/'555 Patent License required Alphatec to pay

-11-

royalties on products regardless of whether or not the products embodied or otherwise practiced at least one valid and enforceable claim of the either the '237 or '555 patent.

16.    The '237/'555 Patent License does not contain a provision that requires Alphatec to pay royalties on products regardless of whether or not the products embody or otherwise practice at least one valid and enforceable claim of the either the '237 or '555 patent.

17.    Alphatec has recently redesigned and manufactured pedicle screw systems named Zodiac, Solanas, ILLICO, and OsseoScrew ("Alphatec redesigned screw").

18.    The Alphatec redesigned screw does not embody or otherwise practice at least one valid and enforceable claim of the either the '237 or '555 patent.  As such, Alphatec is not obligated to pay royalties on the Alphatec redesigned screw pursuant to the '237/'555 Patent License.

19.    Notwithstanding the terms of the '237/'555 Patent License, Cross and Biomet have taken the position that Alphatec is required to pay royalties on the Alphatec redesigned screw.

20.    Cross and Biomet further alleged on or about September 9, 2009, that the Alphatec redesigned screw embodied or otherwise practiced the claims of at least the '237 patent.

**COUNTERCLAIM 1:**

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

21.    Alphatec incorporates by reference paragraphs 1-20 above.

22.    The '237/'555 Patent License contains an implied covenant of good faith and fair dealing that requires the parties to act reasonably and in good faith in fulfilling their respective obligations to one another, and to refrain from undertaking any actions to deprive the other of the benefit of the bargain.

23.    Cross has breached this covenant by the acts alleged herein.

-12-

24.    As a direct and proximate result of Cross' breach, Alphatec has been damaged in an amount to be determined at trial.

## COUNTERCLAIM CLAIM 2:

## DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '237 AND '555 PATENTS

25.    Alphatec incorporates by reference paragraphs 1-24 above.

26.    A conflict of asserted rights has arisen and a justiciable controversy exists between Alphatec and Cross regarding the infringement of the '237 and '555 patents, as evidenced by Cross and Biomet's position that the '237/'555 Patent License requires Alphatec to pay royalties on Alphatec redesigned screws, something only required if the Alphatec redesigned screws embody or otherwise practice (i.e., infringe) at least one valid and enforceable claim of the either the '237 or '555 patent.

27.    On or about September 9, 2009, Biomet also informed Alphatec that Biomet believed Alphatec did infringe at least one claim of the '237 or '555 patent.

28.    Alphatec's redesigned screws do not infringe any valid and enforceable claim of either the '237 or '555 patent, either directly or indirectly, or either literally or under the doctrine of equivalents.

29.    Alphatec is entitled to a declaratory judgment that the claims of the '237 and '555 patents are not infringed by the Alphatec redesigned screws.

## COUNTERCLAIM CLAIM 3:

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '237 AND '555 PATENTS

30.    Alphatec incorporates by reference paragraphs 1-29 above.

31.    A conflict of asserted rights has arisen and a justiciable controversy exists between Alphatec and Cross regarding the validity of the '237 and '555 patents, as evidenced by Cross and Biomet's position that the '237/'555 Patent License requires Alphatec to pay royalties on Alphatec redesigned screws, something only

ANSWER TO COMPLAINT AND
COUNTERCLAIMS

SACV10-00176 CJC (MLGx)

1   required if the Alphatec redesigned screws embody or otherwise practice at least one

2   valid and enforceable claim of the either the '237 or '555 patent.

3       32.    At least several claims of the '237 and '555 patent are invalid, as

4   evidenced at least by an order by this Court from February 28, 2008 finding that

5   claims 5 and 7 of the '555 patent are invalid for obviousness under 35 U.S.C. § 103,

6   another order from this Court from March 20, 2002, holding that claims 1-5 of the

7   '237 patent are invalid for anticipation under 35 U.S.C. §102(b), and a third order

8   from this Court from March 1, 2004, holding that claims 1-5, 9-10, and 13-14 of the

9   '237 patent are invalid for anticipation under 35 U.S.C. § 102(b).  In addition, the

10  European Patent Office revoked the foreign counterpart to the '237 and '555 patents.

11      33.    Notwithstanding the invalidity of the claims of the '237 and '555 patents,

12  Cross and Biomet continue to assert the validity of these claims, and Cross and

13  Biomet have further take the position that the '237/'555 Patent License requires

14  Alphatec to pay royalties on Alphatec redesigned screws, something only required if

15  the Alphatec redesigned screws embody or otherwise practice at least one valid and

16  enforceable claim of the either the '237 or '555 patent.

17      34.    Alphatec's redesigned screws do not infringe any valid and enforceable

18  claim of either the '237 or '555 patent.

19      35.    Alphatec is entitled to a declaratory judgment that the claims of the '237

20  and '555 patents are invalid.

21                                     **RELIEF REQUESTED**

22  **WHEREFORE**, Alphatec requests that this Court:

23      A.    Enter judgment in favor of Alphatec denying Plaintiff all relief requested

24  in its Complaint in this action and dismissing Plaintiff's complaint with prejudice;

25      B.    Declare that the Alphatec redesigned screws do not infringe any claims

26  of the '237 and/or '555 patents;

27      C.    Declare that the claims of the '237 and '555 patents are invalid;

28      D.    Declare that Alphatec has not breached the '237/'555 Patent License;

ANSWER TO COMPLAINT AND                   SACV10-00176 CJC (MLGx)
COUNTERCLAIMS

E.    Declare that Alphatec is not required to pay Cross any royalties on the Alphatec redesigned screw;

F.    Award Alphatec damages in an amount to be proven at trial;

G.    Award Alphatec its legal fees and costs of this suit; and

H.    Award Alphatec such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Alphatec hereby demands trial by jury on all issues so triable.

Dated: May 5, 2010                         MINTZ, LEVIN, COHN, FERRIS,
                                           GLOVSKY AND POPEO, P.C.


                                           By:  /s/Matthew Bernstein
                                                Matthew Bernstein
                                                Attorneys for Defendant and
                                                Counterclaimant
                                                ALPHATEC SPINE, INC.

-15-

ANSWER TO COMPLAINT AND                    SACV10-00176 CJC (MLGx)
COUNTERCLAIMS

**CERTIFICATE OF SERVICE**

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of San Diego, State of California, and am not a party to the above-entitled action.

On May 5, 2010, I filed a copy of the following document(s):

ANSWER TO COMPLAINT AND COUNTERCLAIMS

by electronically filing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John S. Gibson (SBN:  140647)
Gail J. Standish (SBN:  166334)
Daniel C. Whang (SBN:  223451)
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Attorneys for Plaintiff
CROSS MEDICAL PRODUCTS, LLC

Email:      jsgibson@winston.com
            gstandish@winston.com
            dwhang@winston.com

Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Executed on May 5, 2010 at San Diego, California.

_____s/Matthew Bernstein, Esq._____
Matthew Bernstein, Esq.