Gail J. Standish (SBN: 166334)
gstandish@winston.com
Peter E. Perkowski (SBN: 199491)
pperkowski@winston.com
Christian Dodd (SBN: 235251)
cdodd@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

Attorneys for Plaintiff and Counterclaim
Defendant CROSS MEDICAL PRODUCTS, LLC

Daniel T. Pascucci (SBN 166780)
dpascucci@mintz.com
Susie S. Yoo (SBN: 243630)
syoo@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-501

Robert I. Bodian (Admitted *Pro Hac Vice*)
rbodian@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
666 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 692-6726
Facsimile: (212) 983-3115

Attorneys for Defendant and Counterclaim
Plaintiff ALPHATEC SPINE, INC.

## United States District Court
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| CROSS MEDICAL PRODUCTS, LLC, ) | Case No. SACV10-00176 MRP (MLGx) |
| ) | |
| Plaintiff and Counterclaim ) Defendant, ) | The Hon. Mariana R. Pfaelzer |
| ) | |
| vs. ) | **STIPULATED PROTECTIVE ORDER** |
| ) | |
| ALPHATEC SPINE, INC., ) | |
| ) | Complaint Filed:  Feb. 10, 2010 |
| Defendant and Counterclaim) Plaintiff. ) | |
| _____ ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff and Counterclaim Defendant Cross Medical Products, LLC and Defendant and Counterclaim Plaintiff Alphatec Spine, Inc. (individually, a "Party," together, the "Parties") have stipulated to this Order by their undersigned counsel.

The Parties represent that pre-trial discovery in this case will necessarily include matters that are confidential and proprietary to the on-going business of the Parties and may require the production of the Parties' respective research and development efforts, clinical trials, proprietary product formulations, methods of manufacture, and material non-public financial information.

Such information falls within recognized categories of information that may be protected from public disclosure through confidentiality designations under a protective order. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (allowing protection of "trade secret or other confidential research, development or commercial information").

The Parties further represent that public disclosure of such material poses a substantial risk of great economic harm in that discovery of a Party's trade secrets and other proprietary commercial information would put the Party at a competitive disadvantage and would be a windfall to the discovering (competing) Party.

For the foregoing reasons, good cause exists for entry of this Order to facilitate pre-trial disclosure while assuring the safety of these sensitive disclosures. *See* Fed. R. Civ. Proc. 26(c).

This Order shall apply to all pre-trial discovery, including any third party discovery, and all pre-trial filings with the Court. The Parties agree to confer in good faith, in consultation with the Court, in establishing procedures for the use of materials designated as confidential in any evidentiary hearing or trial, which may include a request to close the Courtroom when confidential information may be revealed in the course of such hearing or trial. In the

absence of an agreement of the Parties or further order of the Court, no confidential materials may be used in any public hearing.  This Order does not restrict or govern the use of any materials at trial.

IT IS HEREBY ORDERED that the following provisions shall govern the conduct of pre-trial proceedings in this action.

1.     This Stipulated Protective Order (the "Order") shall govern all discovery in this matter, including the handling and treatment of all confidential, trade secret, or proprietary documents, materials and other information, including deposition testimony and deposition transcripts that are produced or provided in the course of pre-trial discovery and preparation for trial in case SACV10-00176 (the "Litigation").

2.     The period of time within which any action must or can be performed pursuant to this Order shall be calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure, unless otherwise stipulated by the Parties.

3.     For purposes of this Order, the term "Discovery Material" means any document, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, production documents, product samples and any information or data derived from such samples, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

4.     For purposes of this Order, the term "Confidential Material" shall mean any Discovery Material that a Party designates as "Confidential" or "Confidential – Attorneys' Eyes Only" in the manner set forth herein.

5.     For purposes of this Order, the term "Producing Party" means any Party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material.    The term

"Receiving Party" means any Party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

6.     This Order shall apply to all information, documents and other items subject to discovery in this Litigation, including without limitation testimony adduced at depositions upon oral examination or upon written questions pursuant to Rules 30 and 31, answers to interrogatories pursuant to Rule 33, documents produced pursuant to Rule 34, information obtained from inspection of premises or things pursuant to Rule 34, answers to requests for admission pursuant to Rule 36, and documents, things, or testimony obtained from non-parties pursuant to Rule 45, and regardless of whether the material is filed with the Court.

7.     For purposes of this Order, the term "document" means all tangible things which come within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

8.     A Party may designate as Confidential Material any Discovery Material (including discovery responses or portions thereof) that is not publicly known and contains or discloses information relating to, referencing, or pertaining to highly sensitive or highly proprietary technical, business or personal information, the improper use or disclosure of which could do harm to the Producing Party's business, employees, or other persons, including but not limited to confidential customer lists, trade secrets relating to current or future products, non-public documents concerning pending patent applications, documents providing the formulation ingredients and amounts, and non-public FDA filings and/or FDA communications or drafts thereof, provided that such materials meet the definition of Confidential Material contained in this paragraph, and further provided that by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information as "Confidential" or "Confidential – Attorneys' Eyes Only."

9.     The designation of Confidential Material as "Confidential" shall be made by stamping or writing the words "CONFIDENTIAL" on each page of the Discovery Material so designated.  The designation of Confidential Material as "Confidential – Attorneys' Eyes Only" shall be made by stamping or writing the words "CONFIDENTIAL – Attorneys' Eyes Only" on each page of the Discovery Materials so designated.  Discovery Material that is designated Confidential or Confidential – Attorneys' Eyes Only may be disclosed only to the individuals identified in Paragraph 15 and 16, *infra*, respectively.  All Confidential Material, whether designated as "Confidential" or "Confidential – Attorneys' Eyes Only," must be used solely for the Litigation and the preparation and trial of the Litigation, or in any related appellate proceedings.  Confidential  Material and any information contained therein shall not be used for any other purpose, directly or indirectly, including without limitation any other litigation, any patent prosecution, or any communication with the FDA (unless subpoenaed or otherwise requested by the FDA).

10.     All Confidential Material not reduced to documentary or tangible form or which cannot reasonably be designated in the manner set forth in Paragraph 9, *supra*, shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" by informing the Receiving Party of such designation in writing contemporaneous with the production of the Confidential Material and by labeling the container for such Confidential Material with the appropriate legend.

11.     Confidential Materials may be provided, disclosed or communicated to the persons permitted under Paragraphs 15 and 16 *infra* only after such persons have been:  (a) provided with, and have reviewed, a copy of this Order; and or (b) informed of the terms and restrictions of this Order.  In addition, such person must acknowledge that they understand they are bound by and have to abide by the terms of this Order.

Confidential Materials may be provided, disclosed or communicated to persons referred to in Paragraph 15(c), (d), (e), (f), (g), (h) and Paragraph 16 ((c), (d) and (e) only after such person has been provided with a copy of this Order and has signed a

statement in the form attached hereto as Exhibit A.  An executed Acknowledgement shall be deemed a discovery paper and served in accordance with Rule 5 of the Federal Rules of Civil Procedure, or as agreed by the Parties.

12.    A non-party to the Litigation (e.g., a third party producing Discovery Material pursuant to subpoena) may designate any Discovery Material as ""Confidential" or "Confidential – Attorneys' Eyes Only" as set forth in Paragraph 9, *supra*.  If so designated, such Discovery Materials shall be subject to the same restrictions and conditions as Discovery Materials designated by any Party as "Confidential" or "Confidential – Attorneys' Eyes Only".

13.    Notwithstanding the foregoing, a Producing Party's or producing non-party's inadvertent failure to designate its Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" as set forth in Paragraph 9, *supra*, shall not constitute a waiver of any claim that the Discovery Material is entitled to protection under this Order, provided that the Producing Party notifies all Receiving Parties that such Discovery Material is "Confidential" or "Confidential – Attorneys' Eyes Only" within a reasonable amount of time from when the failure to designate first became known to the Producing Party.  Within a reasonable time of learning of its inadvertent failure to designate its Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only", any Party or non-party may so designate its Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only", or may correct any mis-designation, with the effect that the Discovery Material thereafter shall be subject to the protections of this Order as if the desired designation originally had been made.  In the event that a belated designation is made, each Receiving Party promptly shall take all reasonable steps to implement the designation in accordance with the Federal Rules of Civil Procedure.

14.    A Party or non-party may designate any deposition transcript or portion thereof as "Confidential" or "Confidential – Attorneys' Eyes Only" by so stating on the record or by giving notice in writing to the other Parties and non-parties within ten

STIPULATED PROTECTIVE ORDER

(10) calendar days of receipt of the deposition transcript, prior to which time all deposition transcripts shall be treated as Confidential Material in their entirety. Whenever Confidential Material is expected to be disclosed in a deposition, a Party or non-party expecting to make a confidentiality designation shall have the right to exclude from attendance at the deposition every person except the deponent, the stenographer, the videographer, and those individuals authorized under Paragraphs 15 and 16 of this Order, *infra,* to receive the Confidential Material.  All designations of confidentiality shall be made reasonably and in good faith.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to the Order, substantially as set forth below:

> This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties.

Only persons to whom Confidential Material may be disclosed pursuant to this Order may be present in a deposition for testimony relating to Confidential Material.

15.     Confidential Material designated as "Confidential" shall be available only to the following persons, subject to the terms of Paragraph 11, *supra*:

a.      the Receiving Party's outside counsel of record in the Litigation and members, associates, and employees of the law firms of such counsel of record, to the extent necessary for that respective person's involvement in the Litigation.;

b.      Judges, Magistrate Judges, law clerks and clerical personnel of the Court before which the Litigation are pending, including qualified court reporters;

c.      the Receiving Party's outside independent consultants or experts, excluding employees, officers, or directors of a named Party or owners of more

than a two-percent interest in a named Party, retained by any of the Parties or their counsel to consult or testify in the case, subject to the provisions set forth in Paragraph 16;

d.      independent      stenographic      personnel,      court      reporters, videographers, document imaging, database services, or photocopying services providing services to the Receiving Party in the Litigation;

e.      independent graphics or demonstrative services providing services to the Receiving Party in the Litigation provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein;

f.      authors or drafters of the Confidential Material; anyone to whom the Confidential Material was addressed; anyone who received the Confidential Material prior to the commencement of this action; anyone who received the Confidential Material independently and outside of this action and not in violation of this Order.   A person may be shown Confidential Material at a deposition to determine if that person authored, received, knew of, or provided any information contained in the Confidential Material;

g.      The Receiving Party's trial consulting services for the Litigation provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein;

h.      Persons who have been retained by the Receiving Party to provide translation or interpretation from one language to another provided that they first execute an Acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein;

i.      any other person to whom the Producing Party agrees beforehand, in writing, that disclosure may be made, or to whom the Court determines that

disclosure may be made; and

      j.    in-house counsel for a Party and in-house counsel staff working on the Litigation.

16.    Other than persons as expressly set forth in subparagraphs (a) through (f) of this Paragraph, no other counsel shall be permitted access to Discovery Materials designated "Confidential – Attorneys' Eyes Only" in this Action unless otherwise agreed to by all of the Parties in writing.   Discovery Materials designated "Confidential – Attorneys' Eyes Only" shall not be provided, disclosed or communicated to a Party, or to any officer, director, employee or agent of a Party, unless otherwise agreed by the designating party or parties in writing or as expressly provided herein.   Discovery Material designated as "Confidential – Attorneys' Eyes Only" shall be available only to the following persons listed below subject to the terms of Paragraph 11, *supra*:

      a.    the Receiving Party's outside counsel of record in the Litigation and members, associates, and employees of the law firms of such counsel of record, to the extent necessary for that respective person's involvement in the Litigation;

      b.    up to two (2) designated in-house counsel for each Party; provided, however, that such designated in-house counsel first execute an Acknowledgement, in the form attached hereto as Exhibit A, agreeing to be bound by the provisions of this Order and the limitations set forth therein. Before the designated in-house counsel may have access to any Material designated as "Confidential – Attorneys' Eyes Only," the executed Acknowledgment shall be served as set forth in Paragraph 11;

      c.    Judges, Magistrate Judges, law clerks and clerical personnel of the Court before which the Litigation are pending, including qualified court reporters;

       d.      independent contractors, experts, consultants or advisors who are employed or retained by, or on behalf of, any of the Parties or counsel for the Parties to this Action to assist in preparation of the trial;

       e.      stenographic reporters who are involved in depositions or any hearings or proceedings; and

       f.      any other person, such as witnesses as to whom the Parties agree in writing that disclosure is appropriate; with respect to witnesses or any other persons, the Parties agree that they will reasonably and in good faith confer regarding the need for/appropriateness of such disclosures.

17.    Unless the designating party agrees otherwise, and subject to the provisions of Paragraph 16 *supra*, documents designated "Confidential – Attorneys' Eyes Only" and any summaries, charts or notes  made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any persons other than those identified in Section 16, *supra*.

18.    Before a Receiving Party may disclose a Producing Party's Confidential Material to any independent expert or consultant ("Expert") pursuant to the terms of Paragraph 15(c), *supra*, the Receiving Party shall, at least seven (7) calendar days prior to such disclosure, notify the Producing Party, in writing, of its intent to disclose Confidential Material to such person.  Such notification shall be made to all counsel of record in the Litigation and shall include (1) the name, current address, and present employment affiliation (including job title) of the Expert to whom such disclosure is proposed, (2) a copy of the Expert's current and up-to-date resume, (3) the Expert's consulting activities and job history for the past five (5) years, (4) any past or present relationship if any, with the Receiving Party, and (5) a copy of the Acknowledgement signed by the Expert in the form attached hereto as Exhibit A.  To the extent that a prospective expert cannot provide any of the aforementioned information required by (3) above, the Receiving Party shall advise the Producing Party and the Parties shall confer in good faith to address and attempt to resolve the issue.  The Producing Party

STIPULATED PROTECTIVE ORDER

receiving such notification may, for good cause, object to the proposed disclosure by giving notice of such objection and the reasons therefore, in writing, to the Receiving Party.  Such notice of objection shall be made within seven (7) calendar days of receipt of the notification of intent to disclose, and no disclosure shall be made before expiration of the seven (7) day objection period.  If an objection is made, the involved Parties shall confer in good faith to resolve the disagreement and no disclosure may be made to such Expert absent consent by the objecting Party as set forth in Paragraph 15(i), *supra*, or by order of the Court, upon application by the Party seeking to disclose Confidential Materials.  Failure to object within the time periods set forth above shall be deemed consent to the proposed disclosure as set forth in the notification.

19.   Counsel for the Parties shall employ reasonable protective measures to ensure that Confidential Material is used only for the purposes specified herein and disclosed only to authorized persons.  All Confidential Material shall be kept in a secure manner by each Receiving Party and by those who are authorized to have access to such material as set forth in Paragraphs 15 and 16, *supra*.

20.   All Confidential Material presented to the Court through argument, memoranda, pleadings, or otherwise shall be submitted pursuant to this Court's rules for filing documents under seal.  All Confidential Material filed under seal shall be contained in a sealed envelope or container bearing a statement substantially in the following form:

CONFIDENTIAL INFORMATION SUBJECT TO
PROTECTIVE ORDER ENTERED BY THE COURT

This envelope (or container) containing the above-identified papers filed by [name of Party] is not to be opened nor the contents thereof displayed or revealed except by further Order of the Court or by agreement of the Parties.

The contents of such filings shall be kept under seal by the Court and treated in accordance with the provisions of this Order.

21.    If a Receiving Party that has obtained Confidential Material pursuant to this Order: (a) is subpoenaed in another proceeding; (b) is served with a demand in another action to which it is a party; or (c) is served with any other legal process by one not a Party to the Litigation, for the purpose of obtaining the disclosure of such Confidential Material, that Receiving Party shall, prior to complying with any court order and/or subpoena, first object on the grounds that, at a minimum, the Confidential Material is covered by this Order and give prompt written notice of its receipt of such subpoena, demand, or legal process to counsel of record for all Parties to the Litigation and any participating non-party so as to allow any Party or participating non-party at least ten (10) calendar days, or such lesser time as such subpoena, demand, or legal process specifies for production, to intercede and protect its rights.  A party who has complied with this paragraph by objecting and giving prompt written notice shall not be found in breach of this Order by producing Confidential Material pursuant to a court order in another action or proceeding.

22.    In the event that any Confidential Material is disclosed to someone not authorized to receive such material under this Order, or if a person so authorized breaches any of his or her obligations under this Order, counsel of record for the Party or non-party involved immediately shall disclose the unauthorized disclosure or breach to the Producing Party's counsel of record, and also shall use his or her best efforts to obtain the return of all copies of the Confidential Material and to prevent any further disclosures of the same.

23.    If a Receiving Party objects to the designation of any Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only," the Receiving Party so objecting shall state the objection by letter to counsel of record for the Producing Party.  After providing this notice of objection, the Parties (and to the extent the challenged designation is made by a non-party, such non-party or its counsel) shall

confer within ten (10) calendar days in an attempt to resolve the dispute regarding the designation.  If the Parties (or non-parties) are unable to resolve the dispute, the Producing Party must within an additional ten (10) calendar days move the Court for an order approving the  designation of "Confidential" or "Confidential – Attorneys' Eyes Only."  Until the Court rules on the motion, the relevant Discovery Material shall continue to be treated by each Receiving Party as Confidential Material, subject to the terms of this Order.

24.   Nothing herein shall preclude anyone from seeking an order from the Court that any portion of the evidence be taken *in camera*, with all related testimony and Confidential Material sealed and withheld from the general public.

25.   Upon final termination of the Litigation and exhaustion of all avenues of appeal, each Receiving Party shall assemble and return to the appropriate Producing Party, or destroy and subsequently certify to the Producing Party destruction of, all Confidential Material (except attorney work product), and all copies thereof, provided that nothing herein shall preclude lead counsel for each of Parties from retaining one copy of any discovery responses, pleadings, and filings with the Court, and any Confidential Material that was attached or identified as an exhibit (i) to any pleading or paper submitted to the court during the course of the Litigation, (ii) to a deposition taken in the Litigation, or (iii) to a list of exhibits used at any trial or hearing in the Litigation, and all such Confidential Material shall remain subject to this Order.

26.    In the event that any information produced in discovery is claimed to be subject to a claim of privilege or protection as work product, Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence shall govern any dispute related thereto.

27.   Nothing herein shall prevent a Party from seeking to amend, modify, or change the terms of this Order, either by means of a signed agreement between all of the Parties that is submitted to the Court for its approval, or by moving for relief from the Court.

STIPULATED PROTECTIVE ORDER

28.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter.  The designation of Discovery Material as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Confidential Material.

29.    Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to the Litigation, and in the course thereof, relying upon an examination of Confidential Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Confidential Material, nor the source of any Confidential Material, to anyone not authorized to receive such Confidential Material pursuant to the terms of this Order.

30.    To the extent the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.

31.    Upon execution, this Order shall be binding upon the Parties hereto, and upon their respective counsel of record, successors, assigns, subsidiaries, divisions, and employees.

32.    This Order is effective on the date of its execution and shall survive the conclusion of the Litigation.

33.    The Parties hereby expressly reserve and retain all rights, privileges, and objections to the production of any document or tangible thing as set forth under federal or state law and court authority interpreting such applicable law.  The Parties further expressly agree that execution of this Order does not waive any of their rights,

1  privileges and objections to the production of any document or tangible thing under

2  federal or state law and court authority interpreting such applicable law.

3

4  Dated: October 20, 2010          Respectfully submitted,

5                                   **WINSTON & STRAWN LLP**

6                                   By:    /s/ Peter E. Perkowski

7                                       Gail J. Standish (SBN:  166334)
                                        gstandish@winston.com
8                                       Peter E. Perkowski (SBN: 199491)
                                        pperkowski@winston.com
9                                       Christian E. Dodd (SBN: 235251)
                                        cdodd@winston.com
10                                      WINSTON & STRAWN LLP
                                        333 S. Grand Avenue
11                                      Los Angeles, CA 90071-1543
                                        Telephone:  (213) 615-1700
12                                      Facsimile:  (213) 615-1750

13                                      Attorneys for Plaintiff and Counterclaim
                                        Defendant CROSS MEDICAL PRODUCTS,
14                                      LLC

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

Dated: October 20, 2010          Respectfully submitted,

                                **MINTZ LEVIN COHN FERRIS GLOVSKY
                                AND POPEO P.C.**

                                By:    /s/ with consent of Susie S. Yoo

                                        Daniel T. Pascucci (SBN 166780)
                                        dpascucci@mintz.com
                                        Susie S. Yoo (SBN: 243630)
                                        syoo@mintz.com
                                        MINTZ LEVIN COHN FERRIS GLOVSKY
                                        AND POPEO P.C.
                                        3580 Carmel Mountain Road, Suite 300
                                        San Diego, CA 92130
                                        Telephone: (858) 314-1500
                                        Facsimile: (858) 314-501

                                        Robert I. Bodian
                                        rbodian@mintz.com
                                        MINTZ LEVIN COHN FERRIS GLOVSKY
                                        AND POPEO P.C.
                                        666 Third Avenue, 25th Floor
                                        New York, NY 10017
                                        Telephone: (212) 692-6726
                                        Facsimile: (212) 983-3115

                                        Attorneys for Defendant and Counterclaim
                                        Plaintiff ALPHATEC SPINE, INC.

   The foregoing Stipulated Protective Order is hereby approved and shall apply to all

information, documents, and other items subject to discovery in this Action.

   **IT IS SO ORDERED.**

Dated: October 26, 2010

                                _Mariana R. Pfaelzer_
                                _____
                                Mariana R. Pfaelzer, U.S.D.J.

-16-
STIPULATED PROTECTIVE ORDER

**EXHIBIT "A" TO STIPULATED PROTECTIVE ORDER**

**United States District Court**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CROSS MEDICAL PRODUCTS, LLC, ) | Case No. SACV10-00176 MRP (MLGx) |
| ) | |
| Plaintiff and Counterclaim ) | The Hon. Mariana R. Pfaelzer |
| Defendant, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALPHATEC SPINE, INC., ) | |
| ) | |
| Defendant and Counterclaim) | |
| Plaintiff. ) | |
| ) | |
| ) | |
| _____) | |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

I, _____, declare as follows:

1.      My name is _____.  I live at
_____.  I am employed as
_____ (state position) by
_____
_____ (state name, address and telephone number of employer).

2.      I am aware that the parties have entered into a Stipulated Protective Order (the
"Order") in the above-captioned litigation in the United States District Court for
the Central District of California.  A copy of the Order has been given to me
and I have carefully read and understand it.

3.      I promise and agree that material and information designated as "Confidential"
or "Confidential – Attorneys' Eyes Only" under the Order will be used by me
only under and in accordance with the terms of the Order.

4.      I promise and agree that I will not disclose or discuss Confidential Material to
or with any person other than those persons specifically listed in the Order as
authorized to receive such information or material, and according to the
procedures therein specified.

1

279763v2

5.    I understand that any use or disclosure of Confidential Material or any portions or summaries thereof or any information obtained therefrom in any manner contrary to the provisions of the Order, may subject me to personal liability and the sanctions of the Court.

6.    I agree to submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing the terms of this Order even if such enforcement proceedings occur after termination of this action.

I declare under the penalties of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

DATED this _____ day of _____, 201_

_____
Printed Name

_____
(Signature)

2